UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GETTINGS,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRIS LINK, et al.,<br><br>        Defendants. | No.  2:15-cv-2688 MCE CKD PS<br><br><br>ORDER |

      Plaintiff is proceeding pro se.  Plaintiff, who resides in the Phillippines, has filed an in forma pauperis affidavit in which he states that his monthly income is $700 and that his monthly expenses are $218.

      Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court.  28 U.S.C. § 1914(a).  In addition, a $50.00 general administrative fee for civil cases must be paid.  28 U.S.C. § 1914(b).  The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  28 U.S.C. §  1915(a).  The amount of plaintiff's income and monthly expenses shows that plaintiff is able to pay the filing fee and costs.  Thus, plaintiff has made an inadequate showing of indigency.  See Alexander v. Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993); California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991); Stehouwer v. Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994).

1    Plaintiff will therefore be granted twenty-eight days in which to submit the appropriate
2 fees to the Clerk of the Court.  Plaintiff is cautioned that failure to pay the filing and general
3 administrative fees in the amount of $400 will result in a recommendation that the application to
4 proceed in forma pauperis be denied and the instant action be dismissed without prejudice.

5    Plaintiff has filed a motion for court approval of a lis pendens for the property which is the
6 subject of the instant action.  Under California Code of Civil Procedure section 405.21, court
7 approval is a prerequisite to recording of a lis pendens signed by a person acting in propria
8 persona.  Upon review of the complaint, the court cannot determine on the present record whether
9 plaintiff's claims have merit.  The complaint alleges only claims sounding in tort; it is not readily
10 apparent that plaintiff has stated a real property claim. [1]  Assuming arguendo that plaintiff has
11 alleged a real property claim, defendants would be entitled to expungement of the notice of any
12 lis pendens where plaintiff's real property claim is meritless.  See Cal. Code Civ. Proc. § 405.32
13 (the court "shall order that the notice be expunged if the court finds that the claimant has not
14 established by a preponderance of the evidence the probable validity of the real property claim").
15 Id. § 405.32.  Under these circumstances, the court does not find a lis pendens is warranted at this
16 time.

17    Accordingly, IT IS HEREBY ORDERED that:
18    1. No later than February 3, 2016, plaintiff shall submit the appropriate fees to the Clerk
19 of the Court.
20    2. Plaintiff's motion for lis pendens (ECF No. 3) is denied without prejudice.

21 Dated:  January 6, 2016

    _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

24 4 gettings2688.ifp.den.lispend

---

[1] A lis pendens is only appropriate where plaintiff alleges a real property claim.  See Cal. Code Civ. Proc. § 405.20.

2